UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　vs.<br><br>CONNIE WILSON,<br><br>　　　　　　　Defendant. | CR. 17-50142-JLV<br><br><br>ORDER |

**INTRODUCTION**

Defendant Connie Wilson, appearing *pro se,* filed a motion for compassionate release.  (Docket 77).   Pursuant to the May 1, 2020, Standing Order 20-06, the Federal Public Defender for the Districts of South Dakota and North Dakota ("FPD"), the United States Attorney for the District of South Dakota and Ms. Wilson filed records and submissions on her motion. (Dockets 79 & 83-86).   For the reasons stated below, defendant's motion is denied.

**STANDING ORDER 20-06**

Standing Order 20-06,[1] captioned "Establishing a Procedure for Compassionate Release Motions Under the First Step Act," put in place "a procedure for submission and consideration of compassionate release motions

---

[1] See https://www.sdd.uscourts.gov/so2006 ("SO 20-06").   SO 20-06 was amended on October 21, 2020, after this motion was filed.   See https://www.sdd.uscourts.gov/socraa.   The amendments have no impact on the court's analysis of this case.

under the First Step Act, 18 U.S.C. § 3582(d)(l)(A), in the wake of the spread of the COVID-19 virus into the federal prison system." (SO 20-06 at p. 1). By the standing order, the FPD and the United States Attorney for the District of South Dakota are "to place [the defendant] into one of four categories[.]" Id.

¶ 4. Those categories are:

    a.    High Priority Cases where there exists some combination of: (i) medical issues that correspond to the categories outlined in the commentary to U.S.S.G. § l.B.1.13; (ii) recognized COVID-19 risk factors in the inmate's medical history; and/or (iii) imprisonment in a federal facility known to have a serious COVID-19 outbreak in its population. . . .

    b.    Intermediate Priority Cases where identified medical issues and/or COVID-19 risk factors and/or institutional concerns are less extreme than High Priority Cases.

    c.    Low Priority Cases where there are no identifiable medical issues or COVID-19 risk factors.

    d.    Unknown Risk Cases where there is a lack of sufficient information to categorize the request for compassionate release.

Id. The FPD and U.S. Attorney are to "immediately report the categorization . . . to the Clerk of Court and the Probation Office." Id.

## MS. WILSON'S CLASSIFICATION

On August 28, 2020, the FPD and the U.S. Attorney filed a notice designating Ms. Wilson's case as a Low Priority. (Docket 78).

## FACTUAL BACKGROUND

Ms. Wilson pleaded guilty to assault of a federal officer in violation of 18 U.S.C. §§ 111(a) and 111(b), and discharge of a firearm during the commission of a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(iii).

2

(Dockets 53 & 57). On November 20, 2018, Ms. Wilson was sentenced to time served on the assault charge and 120 months on the discharge of a firearm charge, followed by three years of supervised release. (Dockets 72 & 74 at pp. 2-3). A presentence investigation report ("PSR") ordered by the court indicated Ms. Wilson's guideline range was 46 to 57 months of imprisonment based on a total offense level of 19 and her criminal history category IV; however, a ten-year minimum mandatory consecutive sentence was required for the firearm offense. (Docket 65 ¶ 85). The court sentenced Ms. Wilson to the mandatory minimum 120-month sentence.

Ms. Wilson is currently an inmate at FMC Carswell, an administrative security medical center with an adjacent minimum security camp, in Fort Worth, Texas. Fed. Bureau Prisons, https://www.bop.gov/inmateloc/ (last checked Feb. 22, 2021).

Ms. Wilson has a scheduled release date of April 20, 2027. (Docket 79 at p. 260). Ms. Wilson has served approximately 42 months of her sentence, and under her current Bureau of Prisons ("BOP") status she is eligible for home detention on October 20, 2026. Id. at pp. 260 & 262. She is 57 years old. Id. at p. 259.

**MS. WILSON'S MOTION**

Ms. Wilson's motion seeks compassionate release on the basis of extraordinary and compelling reasons in light of her family circumstances.[2]

---

[2] Ms. Wilson does not raise any medical issues of her own in light of the COVID-19 pandemic as a basis for her motion.

(Docket 77 at pp. 1-2).  Ms. Wilson claims her "son's caregiver has become ill and can no longer take care of him."  Id. at p. 1.  The caregiver is her sister.  Id.  Ms. Wilson states her son has epilepsy and extra muscle and tissue in his brain that causes seizures.  Id.  Reportedly, her son has five to ten seizures a month.  Id.  He is 23 years old.  (Docket 77-1 at p. 2).  Ms. Wilson asserts she is a good candidate for early release because she has maintained good conduct, been steadily employed and participated in programming while incarcerated.  (Docket 77 at p. 2).  On September 9, 2020, the FPD docketed a notice of intent not to supplement Ms. Wilson's motion.

## UNITED STATES' OPPOSITION

The United States opposes Ms. Wilson's motion for compassionate release.  (Dockets 83 & 85).  The government argues Ms. Wilson has not demonstrated extraordinary and compelling reasons for release as contemplated by 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13.  Id. at pp. 3-5.  Addressing the family circumstances category of U.S.S.G. § 1B1.13, Application Note 1(C), the government argues release is not warranted because Ms. Wilson's child is an adult, not a minor in need of care.  Id. at pp. 6-7.  The government argues the 3553(a) factors also weigh against Ms. Wilson's release.  Id.  The government reminds the court Ms. Wilson's "conviction involved a situation where she was arrested and, while in custody, removed her handcuffs, retrieved and loaded a firearm, pointed it at officers, and discharged it during a struggle with officers."  Id. at p. 7 (minor modifications made).  Her conduct was incredibly dangerous and put bystanders also at risk, argues the government.  Id.

In reply, Ms. Wilson stresses her son's need for a caregiver and argues that her sister, his current caregiver, is incapacitated and no longer able to care for him. (Docket 84 at pp. 6-7). The government notes Ms. Wilson has not provided any verifiable medical information for her son or sister to support her claims and, regardless, her son is not a minor. (Docket 85 at p. 2).

## ANALYSIS

Ms. Wilson exhausted her administrative remedies; accordingly, the court addresses the merits of her motion. See Docket 83 at p. 3.

"Section 3582(c)(1)(A)(i) does not attempt to define the 'extraordinary and compelling reasons' that might merit compassionate release." United States v. McCoy, 981 F.3d 271, 276 (4th Cir. 2020). That task was left to the United States Sentencing Commission. See 28 U.S.C. § 994(t). Prior to the First Step Act, the Sentencing Commission established four categories for "extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." See id. Those categories generally focus on the defendant's age, medical condition, family situation and any other reasons the BOP deems extraordinary and compelling. U.S.S.G. § 1B1.13 comment. n.1. The four categories have not been updated since December 2018 when the First Step Act became law.[3]

---

[3] The United States Sentencing Commission lacks a quorum and "currently has only two voting members, two short of the four it needs to amend the [U.S.S.G.]." United States v. Marks, 455 F. Supp. 3d 17, 24 (W.D.N.Y. 2020) (references omitted).

The court previously surveyed the status of the law as to a court's authority under the First Step Act.  E.g., United States v. Thunder Hawk, CR. 14-50008, 2021 WL 253456, at *5 (D.S.D. Jan. 26, 2021); United States v. Magnuson, CR. 15-50095, 2020 WL 7318109, at *4-5 (D.S.D. Dec. 11, 2020); United States v. King, CR. 15-50050, 2020 WL 6146446, at *4-5 (D.S.D. Oct. 20, 2020).  A summary of that survey is sufficient here.

The Second Circuit identified the question at the heart of these cases, which is "whether the First Step Act allows courts independently to determine what reasons, for purposes of compassionate release, are 'extraordinary and compelling,' or whether that power remains exclusively with the BOP Director as stated in Application Note 1(D)."  United States v. Brooker, 976 F.3d 228, 237, 234 (2d. Cir. 2020).  Like the United States Courts of Appeals for the Second, Fourth, Sixth and Seventh Circuits,[4] this court has held it retains its independent authority "to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before [the court] in motions for compassionate release."  E.g., Magnuson, 2020 WL 7318109, at *5 (quoting Brooker, 976 F.3d at 237); see also McCoy, 981 F.3d at 283 ("As of now, there is no Sentencing Commission policy statement 'applicable' to the defendants' compassionate-release motions, which means that district courts

---

[4]The United States Court of Appeals for the Eighth Circuit had two clear opportunities to address this issue but declined to do so.  United States v. Rodd, 966 F.3d 740 (8th Cir. July 16, 2020) and United States v. Loggins, Jr., 966 F.3d 891 (8th Cir. July 31, 2020).

need not conform, under § 3582(c)(1)(A)'s consistency requirement, to § 1B1.13 in determining whether there exist 'extraordinary and compelling reasons' for a sentence reduction."); United States v. Jones, 980 F.3d 1098, 1111 (6th Cir. 2020) ("In cases where incarcerated persons file motions for compassionate release, federal judges . . . have full discretion to define 'extraordinary and compelling' without consulting the policy statement § 1B1.13."); and United States v. Gunn, 980 F.3d 1178, 1180 (7th Cir. 2020) (agreeing with the Second Circuit that the Guidelines Manual "does not curtail a district judge's discretion").

The purpose of the First Step Act was to expand the availability of compassionate release based on judicial findings of extraordinary and compelling reasons without being restricted to those categories identified by the Sentencing Commission or the rationale used by the BOP before the passage of the First Step Act.

Turning to that task, the court finds no extraordinary or compelling reasons to warrant Ms. Wilson's early release. Ms. Wilson's motion is based on the alleged care needs of her son, who is admittedly an adult. (Dockets 77-1 at p. 2 & 85-1 at p.1). The Sentencing Commission contemplated that family circumstances may warrant compassionate release for "extraordinary and compelling" reasons if a *minor* child is left without a caregiver due to death or incapacitation, but nothing suggests that care of an adult child is considered "extraordinary and compelling." U.S.S.G. § 1B1.13, cmt. n.1(C)(i). Despite

the expanded availability of compassionate release under the First Step Act, the court finds Ms. Wilson has not met her burden of proof by presenting "extraordinary and compelling reasons" warranting a sentence reduction under § 3582(c)(1)(A)(i).

The 3553(a) factors also counsel against early release. The nature and circumstances of Ms. Wilson's offense were serious and potentially deadly. Directly after the incident, she stated to the officer involved, "I should have shot you in the f***ing head[.]" (Docket 65 ¶ 5). Later, Ms. Wilson attributed her actions to drugs and alcohol. Id. ¶ 14. Ms. Wilson has a history of disorderly and reckless conduct as set forth in the PSR. Id. ¶¶ 28-41. The court commends Ms. Wilson for her good conduct while incarcerated and taking advantage of the available programming and encourages her to continue along that path. (Docket 79 at pp. 257-58). The 3553(a) factors do not support her early release.

## ORDER

No good cause having been proven, it is

ORDERED that defendant's motion for compassionate release (Docket 77) is denied.

Dated March 22, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE