UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CONNIE WILSON,<br><br>Defendant. | 5:17-CR-50142-01-CCT<br><br><br>**ORDER DENYING MOTION<br>FOR COMPASSIONATE RELEASE** |

Defendant, Connie Wilson, filed a letter with the Court which this Court construes as her third pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). Docket 97. Plaintiff, the United States of America, opposes the motion. Docket 99.

## DISCUSSION

In Section 603 of the First Step Act, Congress amended 18 U.S.C. § 3582(c)(1)(A) to empower courts to reduce a prisoner's term of imprisonment upon a prisoner's motion. *See* 18 U.S.C. § 3582(c)(1). Under the plain terms of the statute, prisoners may bring motions for compassionate release on their own after exhausting their administrative remedies. "Exhaustion occurs at the earlier of either (1) when the prisoner has 'fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons ["BOP"] to bring a motion' on his behalf or (2) 'the lapse of 30 days from the receipt of such a request by the warden of the [prisoner's] facility.'" *United States v. Houck*, 2 F.4th 1082, 1083–

84 (8th Cir. 2021) (first alteration in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). The Eighth Circuit has explained that § 3582(c)(1)(A)'s exhaustion requirement is non-jurisdictional but serves as a "mandatory claim-processing rule" that must be enforced if raised by the opposing party. *Id.* at 1084; *see also United States v. Saladino*, 7 F.4th 120, 121 (2d Cir. 2021) (per curiam) (holding that § 3582(c)(1)(A)'s exhaustion requirement "is not a jurisdictional limitation on a court's power to consider an inmate's motion for compassionate release," but rather is "a claim processing rule that may be waived or forfeited by the government").

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

The United States contends that "Wilson has not made a showing that she submitted a request for compassionate release to the warden of her facility." Docket 99 at 7. The United States claims that Wilson "offers no explanation" for her failure to exhaust this remedy and it is "unaware of any condition excusing this failure." *Id.* The United States requests that the Court dismiss Wilson's motion because she has failed to exhaust her administrative remedies. *Id.* at 8.

Wilson presents no evidence that she exhausted her administrative remedies on the reasons for release stated in her current motion. *See* Docket 97. She also does not provide the Court any explanation for her failure to exhaust her administrative remedies. *Id.* The Court notes that Wilson, in her prior motions for compassionate release, did provide evidence that she exhausted her administrative remedies, *See generally* Docket 79 at 267-68;

2

Docket 93-1, so she is presumably aware of this requirement and how to meet it.

Because Wilson failed to exhaust all administrative remedies for the current motion, and the United States raised this issue, the Court must dismiss Wilson's motion for compassionate release and will do so without prejudice. *See Houck*, 2 F.4th at 1084 ("courts dismiss unexhausted compassionate-release motions without prejudice" if the opposing party properly raises the exhaustion issue).

## CONCLUSION

Wilson failed to exhaust her administrative remedies. Thus, it is ORDERED that the defendant's motion for relief under the First Step Act (Docket 97) is denied without prejudice.

Dated January 16, 2026.

BY THE COURT:

/s/ *Camela C. Theeler*
CAMELA C. THEELER
UNITED STATES DISTRICT JUDGE